September 19, 1978

## 78-52 MEMORANDUM OPINION FOR THE EXECUTIVE DIRECTOR, NATIONAL COMMISSION ON LIBRARIES AND INFORMATION SCIENCE

### National Commission on Libraries and Information Science (20 U.S.C. § 1501 et seq.)—Quorum Under Commission's Sunshine Act—Delegation of Authority by the Librarian of Congress

This responds to your request for our opinion whether the Librarian of Congress can delegate his duties as an *ex officio* member of the National Commission on Libraries and Information Science (Commission) to the Deputy Librarian of Congress, and whether the Commission's Sunshine Act regulations affect the Commission's quorum. We conclude that the Librarian can delegate his official duties, and that the Commission's Sunshine Act regulations do not affect the quorum.

I.

When former Librarian of Congress H.R. Spofford testified before the Joint Committee on the Library of Congress (Committee) in 1896, he told the committee its chairman had advised him that he had the authority to deputize an assistant to whom he could delegate certain of his official duties.[1] In making recommendations to Congress on the reorganization of the Library, the Committee said that the Librarian of Congress should have complete control over the Library's management and expressly declined to propose a change in the Librarian's authority.[2] The Librarian's authority to delegate his official duties is also supported by the provision for compensation for a Deputy Librarian of Congress without specifying his duties.[3]

The Librarian of Congress has the statutory authority to "make rules and regulations for the government" of the Library of Congress.[4] Substantially

[1] S. Rept. No. 1573, 54th Cong., 2d sess. 129 (1897).
[2] *Id.*, at 1-2.
[3] 2 U.S.C. § 136 a-1 (1976).
[4] 2 U.S.C. § 136 (1976).

identical grants of rulemaking power to the heads of the executive departments are considered general authorizations for their delegation of authority,[5] although certain powers have been held nondelegable where Congress has so indicated. In *United States* v. *Giordano,* 416 U.S. 505 (1974), the Court found that the legislative history of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. §§ 2510-20 (1976), shows that Congress did not intend to authorize the Attorney General's delegation of authority to approve wiretap applications to the Attorney General's Executive Assistant; it held that a wiretap application approved by the Executive Assistant was invalid. The legislative history of the National Commission on Libraries and Information Act, 20 U.S.C. 1501-1506 (1976), shows no intent by Congress to limit the delegation of authority by the Librarian of Congress. We believe that the grant of rulemaking power to the Librarian of Congress implies the authority to delegate his official duties. This authority is also strongly suggested by Congress's provision for compensation for a Deputy Librarian, without specifying the Deputy's duties, and Congress' earlier tacit approval of the Librarian's delegation of authority.

The Librarian of Congress is a member of the Commission *ex officio;* his membership is an extension of his duties as Librarian of Congress.[6] Because the Librarian of Congress can delegate his official duties, he can also delegate his duties stemming from his membership on the Commission to his Deputy, and allow the Deputy both to vote and to be included in the Commission's quorum.

II.

The Commission's Sunshine Act regulations define the Commission's quorum to be "a majority of the Commission's members who have been appointed by the President and confirmed by the Senate." You ask whether this definition of a quorum in the Commission's regulations is authority to allow less than 8 members, which is a majority of the Commission's statutory 15 members,[7] to conduct the Commission's business when the Commission has less than 15 members confirmed by the Senate.

The National Commission on Libraries and Information Science Act, 20 U.S.C. §§ 1501-6 (1976), does not specify a quorum for the Commission. The courts have uniformly held that a failure of Congress to specify a quorum authorizes the adoption of no less than a common-law quorum, a majority of the statutory membership of a collective body.[8] We can find no authority for the Commission's authorizing a quorum of less than a majority of its statutory 15 members. We must therefore conclude that the Commission cannot adopt a quorum of less than 8 members; thus the Commission's regulation defining the

---

[5]*E.g., Fleming* v. *Mowhawk Wrecking & Lumber Co.,* 331 U.S. 111, 121 (1946); *Wirtz* v. *Atlantic States Construction Co.,* 357 F. (2d) 442, 445 (1966); *Plapao Labs. Inc.,* v. *Farley,* 92 F. (2d) 228, 229 (D.C. Cir. 1937), cert. denied, 302 U.S. 732 (1937).
[6]20 U.S.C. § 1505 (1976).
[7]20 U.S.C. § 1505 (1976).
[8]*E.g., FTC* v. *Flotill Products, Inc.,* 389 U.S. 179, 182-184 (1967).

Commission's quorum must be interpreted to require a majority of the Commission's statutory 15 members for a quorum.

LEON ULMAN
*Deputy Assistant Attorney General*
*Office of Legal Counsel*